UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DOUGLAS C. AVERY, et al., | ) | |
|---|---|---|
| Plaintiffs | ) | |
| v. | ) | 2:19-cv-00561-GZS |
| NORTHEAST TECHNICAL INSTITUTE, et al., | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR INJUNCTIVE RELIEF**

Plaintiffs ask the Court to issue "an immediate injunction" against Defendant Northeast Technical Institute in connection with the copyright infringement claim Plaintiffs have asserted. (Motion, ECF No. 4.) Plaintiffs' request is construed as a motion for temporary restraining order.

After review of the motion and the record, I recommend the Court deny Plaintiffs' request for immediate injunctive relief.

## DISCUSSION

To obtain emergency injunctive relief, Plaintiffs must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships,[1] and (4) a fit (or lack of

---

[1] Plaintiffs must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendant Northeast Technical Institute. *Lancor v. Lebanon Hous. Auth.*, 760 F. 2d 361, 362 (1st Cir. 1985).

friction) between the injunction and the public interest."[2]  *Nieves–Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). By rule, a temporary restraining order requires a clear showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

Here, Plaintiffs have failed to demonstrate that any of the factors militate in favor of immediate injunctive relief. Most importantly, in their complaint and in their motion, Plaintiffs have not asserted any facts that would support a finding that Plaintiffs are likely to prevail on their copyright infringement claim. Plaintiffs, therefore, are not entitled to immediate injunctive relief.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiffs' motion for injunctive relief.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district

---

[2] Plaintiffs must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of December, 2019.